IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL PEPOSHI, | : | No. 3:26cv912 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CRAIG A. LOWE, in his official | : | |
| Capacity as the Warden of the | : | |
| Pike County Correctional Facility; | : | |
| And JOHN E. RIFE, in his official | : | |
| Capacity as Philadelphia acting | : | |
| Field Office Director for U.S. | : | |
| Immigration and Customs | : | |
| Enforcement, | : | |
| Respondents | : | |

····················································································

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Samuel

Peposhi pursuant to 28 U.S.C. § 2241.[1] (Doc. 1).  Petitioner challenges his

present detention at the Pike County Correctional Facility ("Pike CCF") by

Immigration and Customs Enforcement ("ICE") and the Department of Homeland

Security ("DHS").  For the reasons set forth below, the petition will be granted in

part.  The respondent will be directed to provide the petitioner with a bond

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Peposhi filed the instant petition while detained at a county prison in Pike County, Pennsylvania.  The petitioner asserts that his continued detention violates his right to due process.  He also asserts that the wrong provision of the INA is being used to justify his detention.  Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

hearing before an immigration judge ("IJ") within 14 days.  If a bond hearing is not scheduled within such time, the petitioner will be released on his own recognizance.

Based on the limited facts available to the court, Peposhi is a native and citizen of Albania. (Doc. 1, Pet. ¶17).  He is approximately 23 years old. (Doc. 4-2, I-213 Form).  He entered the United States on September 17, 2024 at the Southern Border near Tecate, California and was promptly arrested by United States Border Patrol.  (Doc. 4-3, N.T.A.).  U.S. Customs and Border Protection issued the petitioner a Notice to Appear charging him as being subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) — being present in the United States without being admitted or paroled. Id.  The Notice to Appear advised Peposhi of a hearing in Lower Manhattan, scheduled 16 months out, in January 2026. Id.

The record does not reflect how Peposhi spent the next 16 months in the United States, but at some point, he made his way to the Philadelphia area and received employment authorization from the government. (Doc. 4-2 at ECF p. 4). Peposhi also has a pending application for asylum, filed December 9, 2024. Id. The details of Peposhi's asylum claim are unknown.

According to respondents' exhibits, Peposhi was arrested when he reported to the Philadelphia ICE Enforcement and Removal Office on January 9, 2026, just a few days prior to the hearing date listed in the Notice to Appear. Id.

2

at ECF p. 3.  He was taken into custody without incident. Id.  ICE initially detained the petitioner at the Federal Detention Center in Philadelphia and the Moshannon Valley Processing Center in Clearfield County, Pennsylvania, id. at ECF p. 5, but later transferred him to Pike CCF within this court's jurisdiction, (Doc. 1-2).

With his petition for writ of habeas corpus, Peposhi argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute.  Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute.  Petitioner further argues that, due to this misclassification, his due process rights are being violated because he has not been provided with a bond hearing.  Petitioner requests his immediate release from Pike CCF.

On behalf of the respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment.  Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).  This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

3

On the other hand, the Second Circuit Court of Appeals, the Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[2] See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395, at *5–20 (11th Cir. May 6, 2026); Cunha v. Freden, No. 25-3141-PR, --- F. 4th ----, 2026 WL 1146044, at *4, *14–23 (2d Cir. Apr. 28, 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, --- F. 4th ----, 2026 WL 1223250, at *9–21 (7th Cir. May 5, 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Cunha, or its prior decisions.[3]  In Peposhi's case, he was released on his own recognizance at the border into the United States in

---

[2] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, No. 3:25-CV-2276, --- F. Supp. 3d ----, 2025 WL 3537279, at *5 (M.D. Pa. Dec. 10, 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

[3] The Third Circuit heard oral argument regarding this issue today, May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1451 (3d Cir. Mar. 2, 2026).

4

September 2024 and was provided with authorization to work in the interior of the United States by the government.  As a result, Section 1226(a) applies to his detention, not Section 1225(b)(2)(A).[4]  Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal.  8 U.S.C. § 1226(a).  However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an immigration judge. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).  Pursuant to Section 1226(a) and its attendant regulations, the petitioner may receive a bond hearing.  One will be ordered in this case.

As for the constitutional issues raised in Peposhi's petition, it is undisputed in this case that he entered the United States illegally and was apprehended at or near the United States-Mexico border.  People who enter this country without

---

[4] Peposhi is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Cunha, 2026 WL 1146044, at *23.  His application for asylum does not evidence that he is seeking admission but reflects efforts to obtain lawful status and avoid removal.  Hernandez Alvarez, 2026 WL 1243395, at *7 ("an alien's status as 'admitted' conveys more than a right to lawfully remain in the United States -- indeed, there are many forms of 'lawful status' that grant an alien the right to remain, yet do not necessarily amount to 'admission,' such as asylum and temporary protected status").  Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Cunha, 2026 WL 1146044, at *23.

5

legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013).  That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

To reiterate, "[n]o person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas v. Davis, 533 U.S. 678, 721 (2001) (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) also leads to a conclusion

6

that Peposhi's imprisonment at Pike CCF without a bond hearing under a mandatory detention statute is a violation of his constitutional rights.[5]

The order issued in this case will not grant Peposhi's outright release from Pike CCF as requested.  Rather, because of the violation of his due process rights, the petitioner is entitled to a timely bond hearing with a neutral IJ where the government will bear the burden to justify his continued detention by clear and convincing evidence that "must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 214 (3d Cir. 2020) (citation omitted).  Given the application of this standard to

---

[5] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335.  First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted).  Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F.Supp.3d 397, 409 (D.N.J. 2025); Quispe v. Rose, No. 3:25-CV-02276, 2025 WL 3537279, at *7 (M.D. Pa. Dec. 10, 2025)).  As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

7

remediate due process violations in other contexts, this is the standard that must be applied by the IJ.[6] See id. ("Even so, we see no basis for abandoning the settled rule that when a party stands to lose his liberty, even temporarily, we hold the Government to a higher burden of proof.").

The court will add one caveat. Based on the lack of evidence of criminal activity or risk of flight provided in response to the habeas petition, if the government does not provide Peposhi with a bond hearing within 14 days in accordance with this memorandum, the petitioner will be ordered released from Pike CCF on his own recognizance.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Samuel Peposhi's petition for writ of habeas corpus, (Doc. 1), is **GRANTED** in part.

2) Peposhi's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law.

---

[6] This case differs from Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274 (3d Cir. 2018). In Borbot, the petitioner, detained under 8 U.S.C. § 1226(a), received a bond hearing shortly after his arrest. Id. at 276, 278 (3d Cir. 2018). Borbot's duration of detention without a *second* bond hearing formed the basis for his claim that his due process rights were being violated. Id. at 278. In this case, based on the government's interpretation of 8 U.S.C. § 1225(b)(2)(A), Peposhi would be detained indefinitely without any bond hearing under a statute that does not apply to him absent this petition for writ of habeas corpus.

8

3) Respondents shall, **within 14 days of the date of this order,** provide Peposhi with an individualized bond hearing in accordance with the analysis in the memorandum order.

4) If Peposhi does not receive a bond hearing within the 14-day period, he shall be released **no later than May 26, 2026 at 12:00 noon** under the same circumstances that existed prior to his detention, including, release: (1) within the area near where petitioner lives or was employed; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility.

5) On or before **May 26, 2026 at 4:00 PM**, respondents shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Peposhi has either been provided with a bond hearing or has been released from custody.

6) The Clerk of Court is directed to close this case.

Date: 5-11-26

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court